UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW MUNGER, <br><br> Plaintiff, <br><br> v. <br><br> SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | CASE NO. C19-0012JLR <br><br> ORDER DENYING MOTION FOR DEFAULT JUDGMENT, VACATING ORDER OF DEFAULT, AND TO SHOW CAUSE |

## I. INTRODUCTION

Before the court is Plaintiff Matthew Munger's motion for default judgment against Defendant Social Security Administration ("SSA"). (MDJ (Dkt. # 9).) The court has reviewed the motion, relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion. In addition, the court VACATES its prior order declaring SSA in default. (*See* Order of Default (Dkt. # 7).)

//

## II. BACKGROUND

On January 4, 2019, Mr. Munger filed a complaint against SSA alleging that SSA violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (*See generally* Compl. (Dkt. # 1).) He seeks declaratory and injunctive relief, along with an award of reasonable attorney's fees and litigation costs. (*Id.* ¶¶ 7.1-7.6.)

On January 9, 2019, Mr. Munger filed a proof of service of process declaration. (Proof of Service (Dkt. # 5).) The declarant states that, pursuant to 20 C.F.R § 423.1, she mailed Mr. Munger's summons and complaint "via First Class USPS [United States Postal Service] certified return receipt mail to: SSA, Room 617, Altmeyer Bldg., 6401 Security Blvd., Baltimore, MD 21235." (*Id.* at 2.)

On April 16, 2019, Mr. Munger filed a motion for default against SSA. (Default Mot. (Dkt. # 6).) On the same day, the court granted Mr. Munger's motion and entered default against SSA. (Default Order (Dkt. # 7).) On June 21, 2019, Mr. Munger moved for the entry of default judgment. (*See* MDJ.) The court now considers that motion.

## III. ANALYSIS

The Ninth Circuit Court of Appeals has stated that Federal Rule of Civil Procedure 55 requires a "two-step process" for entering default judgment, consisting of: (1) the clerk's entry of default, and (2) a motion for entry of default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir .1986) ("*Eitel* apparently fails to understand the two-step process required by Rule 55."); *Symantec Corp. v. Global Impact, Inc.*, 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment'"); *see also* Fed. R. Civ. P. 55; Local Rules W.D. Wash. LCR 55(b)(1)

("No motion for judgment by default should be entered against any party unless the court has previously granted a motion for default against that party pursuant to LCR 55(a) or unless default otherwise has been entered.").

In evaluating Mr. Munger's motion for default judgment, the court reexamined the adequacy of Mr. Munger's service of process in this suit. The burden of proof to establish proper service of process rests on the plaintiff. *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."); *Sawez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 n.2 (1st Cir. 1986).

Pursuant to Federal Rule of Civil Procedure 4(i)(2), to serve an agency of the United States such as SSA, "a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency . . . ." Fed. R. Civ. P. 4(i)(2). Under Rule 4(i)(1), to serve the United States, a party must:

(A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

(ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

//

//

Fed. R. Civ. P. 4(i)(1). Thus, Mr. Munger must serve three actors, in total, to sue an agency of the United States, like SSA, including: (1) the agency, (2) the United States Attorney in the district where the action is brought, and (3) the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(1), (2).

Mr. Munger meets his burden of proving that he served SSA pursuant to Rule 4(i)(2). Section 423.1(b) of Title 20 of the Code of Federal Regulations provides that, in cases like this one, which do not seek judicial review of final SSA decisions on claims for benefits, "summonses and complaints to be served by mail on the Social Security Administration or the Commissioner of Social Security should be sent to the General Counsel, Social Security Administration, Room 617, Altmeyer Building, 6401 Security Boulevard, Baltimore, MD 21235." 20 C.F.R. § 423.1(b). Mr. Munger's proof of service establishes that he mailed a copy of the summons and complaint in accordance with this provision of the Code of Federal Regulations. (*See* Proof of Service.) Thus, he also fulfilled the requirements of Rule 4(i)(2). *See* Fed. R. Civ. P. 4(i)(2).

However, the record evinces no attempt by Mr. Munger to serve either the United States Attorney for the Western District of Washington or the Attorney General as is also required under Rule 4(i)(1). *See* Fed. R. Civ. P. 4(i)(1)(A), (B); (s*ee also* Proof of Service; *see generally* Dkt.) As discussed above, to properly effect service of process against SSA in this suit, Mr. Munger must serve all three entities. *See* Fed. R. Civ. P. 4(i)(1), (2). Because Mr. Munger has failed to properly execute service of process in this suit, the court VACATES its prior order of default against SSA. (*See* Default Order.) In addition, because the court cannot grant default judgment in the absence of a valid order

of default, *see* Local Rules W.D. Wash. LCR 55(b)(1), the court also DENIES Mr. Munger's motion for a default judgment.

Finally, Federal Rule of Civil Procedure 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). More than 90 days have lapsed since Mr. Munger filed his complaint on January 4, 2019. (*See* Compl.) Thus, Mr. Munger has failed to properly effect service of process within the timeframe provided in Rule 4(m). Accordingly, the court ORDERS Mr. Munger to SHOW CAUSE within ten (10) days of the date of this order why this action should not be dismissed for failure to comply with Rule 4(m). If Mr. Munger does not demonstrate good cause for the failure, the court will dismiss the action without prejudice.

## IV. CONCLUSION

Based on the foregoing analysis, the court VACATES its prior order of default (Dkt. # 7), DENIES Mr. Munger's motion for a default judgment (Dkt. # 9), and

//
//
//
//
//

ORDERS Mr. Munger to SHOW CAUSE within ten (10) days why this action should not be dismissed for failure to comply with Rule 4(m).

Dated this 3rd day of July, 2019.

JAMES L. ROBART
United States District Judge